# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ALABAMA
# MIDDLE DIVISION

| | |
|---|---|
| LORETTA MARRIE, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 4:19-CV-05-KOB ) |
| TYSON CHICKEN, INC., | ) Action Filed: December 10, 2018 ) Action Served: December 14, 2018 |
| Defendant. | ) |

## NOTICE OF REMOVAL

Defendant Tyson Chicken, Inc. ("Tyson"), incorrectly identified in the Complaint as Tyson Foods, Inc., gives notice of its removal of this action, styled *Loretta Marrie v. Tyson Foods, Inc., also known as Tyson Foods of Alabama Inc., also known by various other names; Defendants 2-12 being the person or persons, firm or firms, corporation or corporations, responsible for any of the injuries, damages and losses suffered by the Plaintiff, and/or the wrongs perpetrated as against the Plaintiff whose true names are otherwise unknown at this time but upon ascertaining the Defendants true names they will be substituted for the aforementioned fictitious party defendants, by amendment*, bearing the case number 31-CV-2018-000224.00, from the Circuit Court of Etowah County, Alabama to the United States District Court for the Northern District of Alabama. Tyson removes this action under 28 U.S.C. §§ 1332, 1441, and 1446, and, as grounds, states as follows:

## BACKGROUND

1. Plaintiff Loretta Marrie ("Marrie"), a former employee of Tyson, filed this action on December 10, 2018 in the Circuit Court of Etowah County, Alabama. The documents attached as **Exhibit A** constitute all the pleading, process, and other papers served on Tyson to date.

2. Marrie alleges that she was terminated by Tyson on September 17, 2018 solely because of her age. Compl., ¶ 3. Plaintiff is 59 years old. *Id.*, ¶ 1.

3. Marrie sued Tyson in Etowah County Circuit Court under the Alabama Age Discrimination in Employment Act ("AADEA"), seeking compensatory damages, punitive damages, attorney's fees and costs, as well as injunctive relief to reinstate her to her former position. *Id.*, ¶¶ 7-9, 11.

## VENUE AND JURISDICTION

4. Venue is proper in this Court under 28 U.S.C. §§ 81(a)(3), 1391, 1441(a), and 1446(a) because the Circuit Court of Etowah County, Alabama, where the Complaint was filed, is a state court within the Northern District of Alabama.

5. This Court has subject matter jurisdiction under 28 U.S.C. § 1332(a) because (1) there is complete diversity of citizenship between Marrie and Tyson; (2) the amount in controversy exceeds $75,000, exclusive of interests and costs; and (3) Tyson has satisfied all requirements for removal.

## I. PLAINTIFF AND TYSON ARE CITIZENS OF DIFFERENT STATES.

6. Complete diversity of citizenship exists because Marrie is a citizen of Alabama, and Tyson, the only defendant, is a citizen of Arkansas and Delaware.

### A. Marrie is diverse from Tyson.

#### i. Marrie is a citizen of Alabama.

7. Marrie's domicile is in Etowah County, Alabama. Compl., ¶ 1. Thus, she is a citizen of Alabama for diversity jurisdiction purposes.

#### ii. Tyson is a citizen of Delaware and Arkansas.

8. Tyson is a corporation. A corporation is a "citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business." 28 U.S.C. § 1441(c)(1).

9. Tyson is incorporated in Delaware and maintains its principal place of business at 2200 Don Tyson Parkway in Springdale, Arkansas. Thus, Tyson is a citizen of Delaware and Arkansas for diversity purposes.

### B. The fictitious defendants' citizenship should be ignored.

10. The citizenship of the unnamed, unidentified fictitious defendants should be ignored for purposes of determining whether this action is removable based on diversity of citizenship. *See* 28 U.S.C. § 1441(b)(1) ("In determining whether a civil action is removable on the basis of [diversity jurisdiction], the citizenship of defendants sued under fictitious names shall be disregarded.").

## II.     THE AMOUNT IN CONTROVERSY EXCEEDS $75,000.

11.     The amount in controversy requirement is satisfied "if it is facially apparent from the complaint that the amount in controversy exceeds the jurisdictional requirement." *Williams v. Best Buy Co., Inc.*, 269 F.3d 1316, 1319 (11th Cir. 2001).  This Court may make reasonable inferences and extrapolations based on its judicial experience and may also consider extrinsic evidence submitted by the removing defendant to determine whether the amount in controversy has been met.  *See Roe v. Michelin N. Am. Inc.*, 613 F.3d 1058, 1061–62 (11th Cir. 2010).

12.     Marrie's Complaint, as well as the evidence submitted with this Notice of Removal, show that the amount in controversy exceeds the jurisdictional minimum.

13.     This Court has found similar cases to be removable based on diversity jurisdiction.  *See Fulmer v. Leisure Bay Indus., Inc.*, 779 F. Supp. 2d 1304 (N.D. Ala. 2011).  In *Fulmer*, the employee sued his former employer in Shelby County Circuit Court alleging that it terminated him because of his age.  *Id.* at 1306.  The employee only sued under the AADEA (thus federal question jurisdiction did not exist), seeking compensatory damages, punitive damages, attorney's fees, and reinstatement.  *Id.*  The complaint also contained no *ad damnum* clause.  In every material respect, the *Fulmer* complaint and Marrie's Complaint are identical.

14. The employer removed the action to federal court. The employee moved to remand, arguing that subject matter jurisdiction did not exist because the amount in controversy was less than $75,000. In his opinion denying the Motion to Remand, Judge Acker noted he was "notorious for remanding cases after flyspecking his removal jurisdiction." *Id.* Even still, he had "no doubt about [the Court's] subject-matter jurisdiction." *Id.*

15. Judge Acker's confidence came from the relief the *Fulmer* employee sought. The employer, in Judge Acker's view, could "objectively, rationally, and honestly" examine amounts recovered under the federal Age Discrimination in Employment Act and conclude that more than $75,000 was in controversy, "especially when mental anguish, punitive damages, attorney's fees, and reinstatement were being sought." *Id.* at 1307.

16. Tyson can do the same here. Marrie seeks the same relief as the *Fulmer* employee. For instance, her Complaint asks for compensatory damages for the "loss of a (40) year job, loss of wages, benefits, etc., as well as suffered mental anguish and emotional distress." Compl., ¶ 6.

17. In 2017, the last full year Marrie worked for Tyson, Marrie earned $42,232.32. *See* 2017 W-2, attached as **Exhibit B**. Tyson also contributed $6,849.33 towards Marrie's benefits, including health insurance, a retirement plan, and life insurance. *See* December 29, 2017 Pay Statement, attached as **Exhibit C**,

5

and Benefits Confirmation, attached as **Exhibit D.** Marrie was on pace to earn the same amount in 2018. *See* November 21, 2018 Pay statement, attached as **Exhibit E.**

18.    Thus, if Marrie were to receive 18 months of back pay in an eventual award, she would receive $73,622.48 based on her 2017 pay and benefits. When the damages Marrie seeks for mental anguish and emotional distress are included, the amount in controversy is satisfied by the compensatory damages alleged alone. And Marrie seeks *double* compensatory damages because of alleged willful statutory violations. Compl., ¶ 11.

19.    Marrie also seeks attorney's fees. Compl., ¶ 8. While attorney's fees are generally excluded from the amount in controversy, "[w]hen a statute authorizes the recovery of attorney's fees, a reasonable amount of those fees is included in the amount in controversy." *Morrison v. Allstate Indem. Co.*, 228 F.3d 1255, 1265 (11th Cir. 2000). Attorney's fees are available under the AADEA, and so are included in a district court's analysis of whether the jurisdictional minimum has been met. *See Fulmer*, 779 F. Supp. 2d at 1306.

20.    Courts routinely award six-figures in attorney's fees to prevailing plaintiffs in age discrimination cases. *See Mock v. Bell Helicopter Textron, Inc.*, 456 Fed. Appx. 799, 801 (11th Cir. 2012) (affirming district court's award of $225,809.78 in attorneys' fees in ADEA case); *King v. CVS Health Corp.*, 1:12-

CV-1715-KOB, 2017 WL 6336323, at *12 (N.D. Ala. Dec. 12, 2017) (awarding $889,627.10 in attorneys' fees and $36,160.46 in costs and expense in ADEA case).[1]

21. Marrie also seeks the "very valuable remedy" of reinstatement. *Fulmer*, 779 F. Supp. 2d at 1308. "[T]he value of the requested injunctive relief is the monetary value of the benefit that would flow to the plaintiff if the injunction were granted." *Morrison v. Allstate Indem. Co.*, 228 F.3d 1255, 1268 (11th Cir. 2000) (quoting *Cohen v. Office Depot, Inc.*, 204 F.3d 1069, 1077 (11th Cir. 2000)).

22. If Marrie were reinstated, every year she works would be worth approximately $49,081.65 to her. If Marrie worked until she was 65, the injunctive relief she seeks would be worth approximately $245,408.25.

23. Like the *Fulmer* pleading, Marrie's Complaint does not contain an *ad damnum* clause or other affirmation that she seeks to recover less than $75,000. *Fulmer*, 779 F. Supp. 2d 1304 at 1307; *see also Martin v. Coventry Health Care Workers Comp.*, Inc., 4:12-CV-1057-VEH, 2012 WL 1745580, at *5 (N.D. Ala. May 14, 2012) (noting that a plaintiff's failure to state that amount in controversy is less than $75,000 bolsters conclusion that jurisdictional threshold has been met).

24. Thus, it is evident that more than $75,000 is at issue.[2]

---

[1] This Court can look to ADEA awards as a yardstick for potential awards under the AADEA. As Judge Acker explained in *Fulmer*, "because of the virtual identity of the AADEA and the ADEA, [the defendant] had a perfect right to look at the results being obtained by plaintiffs under the ADEA." *Fulmer*, 779 F. Supp. 2d at 1307.

7

### III. ALL OTHER REMOVAL REQUIREMENTS HAVE BEEN SATISFIED.

#### A. This notice of removal is timely.

25. This Notice of Removal is timely filed. Tyson received the Complaint through service on December 14, 2018. Because Tyson filed this Notice of Removal on January 11, 2019, removal is timely. *See* 28 U.S.C. § 1446(b)(1).

#### B. All properly joined and served defendants consent to removal.

26. 28 U.S.C. § 1446(b)(2) is satisfied because Tyson is the only defendant.

27. As required by 28 U.S.C. §1446(d), Tyson will give written notice to Marrie of this case's removal. A copy of this Notice of Removal (without exhibits) filed with the Clerk of the Circuit Court of Etowah County is attached as **Exhibit F**.

28. By filing this Notice of Removal, Tyson does not waive any defense that may be available to it and reserves all such defenses. If any question arises about the propriety of the removal to this Court, Tyson requests the opportunity to present a brief and oral argument in support of its position that this case has been properly removed.

---

[2] Tyson denies that it is liable to Marrie for any amount of damages or that she is entitled to reinstatement. From Marrie's Complaint, however, it is evident that more than $75,000 is in controversy in this case.

8

## CONCLUSION

WHEREFORE, Tyson removes this action from the Circuit Court of Etowah County, Alabama, to the United States District Court for the Northern District of Alabama.

Respectfully submitted the 11th day of January, 2019.

/s/ Jenna M. Bedsole
JENNA M. BEDSOLE
JOHN M. HUNDSCHEID
Attorneys for Defendant Tyson Chicken, Inc.

**OF COUNSEL:**
BAKER, DONELSON, BEARMAN,
  CALDWELL & BERKOWITZ, PC
1400 Wells Fargo Tower
420 20th Street North
Birmingham, Alabama 35203-5202
(205) 244-3851 telephone
(205) 488-3851 facsimile
jbedsole@bakerdonelson.com
jhundscheid@bakerdonelson.com

## CERTIFICATE OF SERVICE

I hereby certify that on this the 11th day of January, 2019, the foregoing has been served by the court's electronic filing system, electronic mail, and/or United States Mail, postage prepaid, to the following counsel of record:

Daniel B. King  
King & King Attorneys, P.C.  
757 Chestnut Street  
Gadsden, AL 35901  
kingandkingattorneys@comcast.net

/s/ Jenna M. Bedsole  
OF COUNSEL