# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# MIDDLE DIVISION

| | |
|---|---|
| **LORETTA MARRIE,** | ) |
| | ) |
| **Plaintiff** | ) |
| | ) |
| v. | )   Case No. 4:19-CV-00065-KOB |
| | ) |
| **TYSON CHICKEN, INC.,** | ) |
| | ) |
| **Defendant.** | ) |

## MEMORANDUM OPINION

This age-discrimination case comes before the court on a motion for summary judgment filed by Defendant Tyson Chicken, Inc. (Doc. 25.) Because Plaintiff Loretta Marrie has failed to present a *prima facie* case of age discrimination and, alternatively, because the evidence demonstrates that Tyson fired Ms. Marrie for a non-discriminatory reason, the court will GRANT Tyson's motion.

**Background**

Tyson, an international purveyor of poultry products based in Arkansas, fired Ms. Marrie on September 17, 2018. Tyson avers it did so because Tyson policy requires that employees "who receive two (2) written warnings with suspension . . . within the last twelve (12) months shall be terminated," and Ms. Marrie received two such warnings within the previous 12 months. *See* Doc. 26-1 at 62. At the time, Ms. Marrie was 59 years old and had worked for Tyson for 39 years in various positions such as a draw hand, box-room attendant, supply clerk, and, at the time of her termination, a parts-room attendant at Tyson's chicken-processing facility in Albertville, Alabama. Ms. Marrie's responsibilities as parts-room attendant included receiving shipped

1

mechanical parts and, when her co-worker was on break, distributing the parts as needed to the mechanics on the processing floor. (Doc. 26-1 at 14–15, 30.)

Ms. Marrie filed a three-page complaint in Alabama State court on December 10, 2018 and asserted single count of age discrimination under Ala. Code § 25-1-22. (Doc. 1-1.) Tyson removed the suit to this court on diversity grounds on January 11, 2019. (Doc. 1.) Ms. Marrie amended her complaint on March 26, 2019 to correctly identify "Tyson Chicken, Inc." as the correct Defendant (Doc. 8), and Tyson filed the instant motion for summary judgment on December 20, 2019. (Docs. 25–27.) After filing a pair of motions requesting an extension of time (Doc. 29) and leave to file excess pages (Doc. 31)—both of which the court granted—Ms. Marrie filed a response brief[1] on January 21, 2020. (Doc. 33.) Tyson filed a reply brief on February 5, 2020. (Doc. 38.)

Ms. Marrie does not contest the fact that she received the two written warnings, but she alleges that when Tyson fired her, she "was fully able at all times to fully perform her job duties"; that one of her supervisors "several times had made statements to her throwing off on her older age"; and that Tyson replaced her with a 27-year-old employee. (Doc. 35 at 5–8.)

---

[1] The court notes that Ms. Marrie's jumbo-sized brief opposing Tyson's motion for summary judgment failed to follow the court's order regarding the organization and formatting of response briefs, including the requirements that the brief feature distinct sections for disputed and undisputed factual assertions as well as separately numbered paragraphs in response to the brief supporting the dispositive motion. (Doc. 2 at 17–19.) The court reminds Ms. Marrie's counsel that "[t]he court reserves the right *sua sponte* to STRIKE any statements of fact or responsive statements that fail to comply with these requirements." *Id.* at 19. Beyond failing to follow the court's order regarding structure and organization, Ms. Marrie's brief also failed to comport with basic standards of English grammar and composition. The brief is rife with spelling and grammatical errors, as well as run-on and incomplete sentences; roughly half the text is underlined for no apparent reason, and the entire analysis section—totaling 15 pages—contains two paragraphs. To put the matter bluntly, Ms. Marrie's brief opposing Tyson's motion for summary judgment is an almost-incomprehensible mess, and the court admonishes Ms. Marrie's counsel to put more effort into future filings before the court.

Tyson's motion for summary judgment presents two primary arguments.[2] First, Tyson contends that Ms. Marrie has not presented evidence of a *prima facie* case of age discrimination under the *McDonnell Douglas* framework. *See McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973); *see also Goldstein v. Manhattan Indus., Inc.*, 758 F.2d 1435, 1442 (11th Cir. 1985) (holding that a *prima facie* case of age discrimination requires, among other things, that the plaintiff prove that she was replaced by someone under 40 years old). Tyson argues that Ms. Marrie has failed to establish a *prima facie* case because she misconstrues the evidence regarding her replacement; in fact, Tyson shows that it replaced Ms. Marrie with a 50-year-old person, not a 27-year-old person. Alternatively, even if Ms. Marrie could provide a *prima facie* case of discrimination, the evidence shows that Tyson fired her for non-discriminatory reasons.

The court agrees with Tyson regarding both arguments. As explained below, the evidence demonstrates that although a 27-year-old employee did, in fact, work at Ms. Marrie's former position for a three- to six-month span starting about six months after Tyson fired Ms. Marrie, Ms. Marrie's actual replacement, who worked at Ms. Marrie's former position both before and after the 27-year-old came and went, was 50 years old when Tyson fired Ms. Marrie. Furthermore, Ms. Marrie has presented no evidence to the court that any decision-maker at Tyson demonstrated even a hint of animus toward her or anyone else because of age. Instead, the evidence shows that Tyson fired Ms. Marrie because Tyson policy required it to do so.

---

[2] The motion also presents additional ancillary arguments, such as the fact that the decision-makers who fired Ms. Marrie were also part of her protected class (Doc. 27 at 21), and that Ms. Marrie has shown no evidence that Tyson treated younger employees more favorably than older employees. (*Id.* at 19.) But because the court finds Tyson's two main arguments sufficiently persuasive, the court need not address Tyson's additional arguments.

**Standard**

Summary judgment allows a trial court to decide cases when no genuine issues of material fact are present and the moving party is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56. The moving party "always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986) (quoting Fed. R. Civ. P. 56).

Once the moving party meets its burden of showing the district court that no genuine issues of material fact exist, the burden then shifts to the non-moving party "to demonstrate that there is indeed a material issue of fact that precludes summary judgment." *Clark v. Coats & Clark, Inc.*, 929 F.2d 604, 608 (11th Cir. 1991). In response, the non-moving party "must do more than simply show that there is some metaphysical doubt as to the material fact." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). The non-moving party must "go beyond the pleadings and by [its] own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a *genuine issue for trial*.'" *Celotex*, 477 U.S. at 324 (quoting Fed. R. Civ. P. 56(e)) (emphasis added).

The court must "view the evidence presented through the prism of the substantive evidentiary burden" to determine whether the nonmoving party presented sufficient evidence on which a jury could reasonably find for the nonmoving party to defeat the motion. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 254 (1986). The court must refrain from weighing the evidence and making credibility determinations, because these decisions fall to the province of the jury. *Id.* at 255.

In the context of age-discrimination claims,

> the plaintiff must prove by a preponderance of the evidence that age was the but-for cause of the employer's adverse decision. The defendant is entitled to summary judgment if the plaintiff does not proffer sufficient evidence to create a genuine issue of material fact as to each of the defendant's articulated reasons. A plaintiff must meet each proffered reason head on and rebut it, and he cannot succeed by simply disputing the wisdom of the employer's proffered reasons.

*Cobb v. City of Roswell*, 533 F. App'x 888, 894 (11th Cir. 2013) (citing *Gross v. FBL Fin. Servs., Inc.*, 557 U.S. 167, 180 (2009) and *Chapman v. AI Transport*, 229 F.3d 1012, 1024–25 (11th Cir. 2000)).

Furthermore, all evidence and inferences drawn from the underlying facts must be viewed in the light most favorable to the non-moving party. *See Graham v. State Farm Mut. Ins.*, 193 F.3d 1274, 1282 (11th Cir. 1999). After both parties have addressed the motion for summary judgment, the court must grant the motion only if no genuine issues of material fact exist and if the moving party is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56.

**Analysis**

Alabama Code § 25-1-21 provides that "[n]o employer, employment agency, or labor organization shall discriminate in employment against a worker 40 years of age and over in hiring, job retention, compensation, or other terms or conditions of employment." Ala. Code § 25-1-21. Although Ms. Marrie's single cause of action is a State of Alabama claim, the Parties agree that claims under § 25-1-22 directly parallel the Federal Age Discrimination Employment Act, 29 U.S.C. § 621, commonly known as the ADEA. (Doc. 27 at 6; Doc. 35 at 23.) *See also Robinson v. Ala. Cent. Credit Union,* 964 So. 2d 1225, 1228 (Ala. 2007) (adopting the ADEA analysis for use in State age-discrimination claims); *Perry v. Batesville Casket Co.*, 551 F. App'x 987, 989 (11th Cir. 2014) (holding that the two statutes "use[] the same analytical framework.")

5

Within the ADEA analytical framework, a plaintiff can support her claim using either direct or indirect evidence. *Van Voorhis v. Hillsborough Cty. Bd. of Cty. Comm'rs*, 512 F.3d 1296, 1300 (11th Cir. 2008). But "[o]nly the most blatant remarks, whose intent could be nothing other than to discriminate on the basis of age constitute direct evidence of discrimination." *Id.* (citation and ellipses omitted). In this case, Ms. Marrie has produced no direct evidence of discrimination.

Although Ms. Marrie's brief presents multiple assertions and legal conclusions, the only *evidence* she presents that even vaguely supports an inference of discrimination comes from her deposition (Doc. 26-1) and interrogatory responses (Doc. 34-3). The court reviewed the deposition and interrogatory responses in full and located only the following even potentially relevant evidence to support her discrimination claim:

- In 2013, a maintenance manager filed a disciplinary write-up about Ms. Marrie following an audit that revealed discrepancies in her work as parts-room attendant. Ms. Marrie expressly testified that the maintenance manager never said a word about her age but that she "just felt like he was kind of prejudice[d] and he figured me as an old lady." Doc. 26-1 at 17. She also testified that she had no information to support her *feeling* that discrimination was involved, and that the auditor who found discrepancies in her work did not even know her age. *Id.* at 18. *See also* Doc. 26-1 at 73 (featuring the manager's explanation of the post-audit write-up.)

- Some of the "maintenance men" at the processing plant perpetuated rumors that Tyson was getting rid of old people, but Ms. Marrie does not remember who told her the rumors, *id.* at 20, 21, and to Ms. Marrie's knowledge, Tyson has fired no one else

because of their age. *Id.* at 27–28. Some of these same maintenance men also "sa[id] joking things" about her age. *Id.* at 37, 38.

- Two or three times, one of Ms. Marrie's supervisors "joke[d]" that Tyson "can get somebody in here twice as fast as you and run circles around you," (*id.* at 20) or made statements "all about me being old." (Doc. 34-3 at 10.) Ms. Marrie testified that she "didn't pay [the supervisor's jokes any] attention[;] we just laugh and I would continue [my job.]" (Doc. 26-1 at 20.) She also testified that, as far as she knew, this particular supervisor had no role in Tyson's decision to fire her. *Id.* at 36–37.

- Ms. Marrie heard a rumor that the plant manager wanted to fire her because, despite the fact that the plant manager apparently never said a word about her age, "the way he look at folks and just his whole action [suggests that he] . . . probably just said just 'look at her and say [*sic*] she's old[;] you need to get her out of here.'" *Id.* at 27.

In sum, Ms. Marrie bolsters her discrimination claim with nothing but unsubstantiated rumors from her peers, jokes from one of her (non-decision-making) bosses, and her feelings. Even under the most generous of interpretations, Ms. Marrie's evidence is circumstantial at best. *See Standard v. A.B.E.L. Servs.*, 161 F.3d 1318, 1330 (11th Cir. 1998) ("remarks by non-decisionmakers or remarks unrelated to the decisionmaking process itself are not direct evidence of discrimination.")

When a plaintiff in an ADEA action submits only circumstantial evidence to support her claim, courts in the Eleventh Circuit employ the well-established framework from *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973). *Chapman v. AI Transp.*, 229 F.3d 1012, 1024 (11th Cir. 2000). Under the *McDonnell Douglas* test—imported into the ADEA realm from its original Title VII context—the plaintiff bears the initial burden of establishing a *prima facie* case

of age discrimination. Once the plaintiff demonstrates a *prima facie* case, the burden then shifts to the employer to articulate a legitimate, nondiscriminatory reason for its employment decision. *Kragor v. Takeda Pharm. Am., Inc.*, 702 F.3d 1304, 1308 (11th Cir. 2012). If the employer can articulate a legitimate reason, the burden shifts back to the plaintiff to show that the employer's alleged reason was a pretext for unlawful discrimination. *See Crawford v. City of Fairburn*, 482 F.3d 1305, 1308 (11th Cir. 2007).

To establish a *prima facie* ADEA claim under the *McDonnell Douglas* test, a plaintiff generally must show that she (1) was a member of the protected group of persons between the ages of 40 and 70 years of age; (2) was subject to an adverse employment action; (3) was replaced by someone 39 years old or younger; and (4) was qualified to do the job. *Verbraeken v. Westinghouse Elec. Corp.,* 881 F.2d 1041, 1045 (11th Cir. 1989); *Jameson v. Arrow Co.*, 75 F.3d 1528, 1531 (11th Cir. 1996).

But the Eleventh Circuit has "repeatedly cautioned against an overly strict application of the *McDonnell Douglas*" test in age discrimination cases because "[a]ge discrimination is qualitatively different from race or sex discrimination in employment [and] the basis of the discrimination is not a discreet and immutable characteristic of an employee." *Goldstein v. Manhattan Indus., Inc.*, 758 F.2d 1435, 1442 (11th Cir. 1985). To account for the additional nuances of age-discrimination cases, the Eleventh Circuit has approved an alternative means of demonstrating the third element of a *prima facie* age-discrimination claim; specifically, a plaintiff can satisfy the third element if she was replaced by someone "substantially younger" *and* provides "evidence adequate to create an inference that an employment decision was based on an illegal discriminatory criterion." *Suarez v. Sch. Bd.*, 638 F. App'x 897, 901 n.1 (11th Cir. 2016). *See also Kragor*, 702 F.3d at 1308. Ultimately, under either alternative, "[w]hether a

prima facie case of discrimination has been shown in any given situation [turns on] whether an ordinary person could reasonably infer discrimination from the facts shown if those facts remain unrebutted." *Goldstein*, 758 F.2d at 1443.

Here, Tyson does not contest the first, second or fourth elements of Ms. Marrie's *prima facie* case. (Doc. 27 at 10.) Instead, Tyson argues that Ms. Marrie fails to establish a *prima facie* case of discrimination because Ms. Marrie's replacement was both over the age of 40 and was not "substantially younger" than Ms. Marrie. *See id.* The court agrees with Tyson.

Although Ms. Marrie argues that Tyson replaced her with a 27-year-old employee named Shelby Young (Doc. 34-3), Ms. Marrie bases this contention on an apparent misunderstanding of the evidence. As of September 17, 2018—the date of Ms. Marrie's termination—both Ms. Marrie and 50-year-old Shelia Jackson worked in the parts room during the first shift at Tyson's Albertville plant. At the time, Ms. Jackson had worked for Tyson for about 10 years. (Doc. 26-3 at 2.) Although the two women worked together in the parts room, they played distinct roles. Ms. Marrie testified that she received parts and that Ms. Jackson ordered the parts and then gave the parts to the mechanics; when one of the women was on a break or on vacation, the other would cover her responsibilities. (Doc. 26-1 at 30.) Ms. Jackson also testified that the women held distinct positions but covered for one another's breaks or vacations. (Doc. 26-3 at 2.)

Tyson fired Ms. Marrie from her job as parts-room attendant on September 17, 2018. More than nine months later, in July of 2019, Tyson answered an integratory from Ms. Marrie regarding who "currently" worked in Ms. Marrie's former position. Tyson responded that 27-year-old Shelby Young *currently*—as of July 2019—held the position, but Tyson subsequently provided an affidavit from then-51-year-old Shelia Jackson to supplement the response. (Doc. 26-3.) Ms. Jackson testified that after Tyson fired Ms. Marrie Tyson asked Ms. Jackson to take

9

over Ms. Marrie's responsibilities in the parts room. *Id.* at 3. Ms. Jackson then worked as the only parts-room attendant on the first shift for almost six months, between September 17, 2018 and March 11, 2019; on March 11, "Shelby Young trained with [Ms. Jackson] to become a Parts Room Attendant." *Id.* at 3. After training with Ms. Jackson, Ms. Young worked on the *second* shift and then, after six months at Tyson, apparently left the company. *Id.* As of December 2019, Ms. Jackson remained Tyson's only first-shift parts-room attendant. *Id.*

Beyond pointing to Ms. Young's brief training period in the parts room alongside Ms. Jackson that did not begin until six months after Tyson fired Ms. Marrie, Ms. Marrie has provided no evidence that Tyson replaced her with someone under the age of 40. *See* Ala. Code § 25-1-21; *Jameson*, 75 F.3d at 1531. Ultimately, the evidence plainly demonstrates that Ms. Jackson, who was 50 years old at the time, assumed Ms. Marrie's responsibilities as parts-room attendant. (Doc. 26-3 at 3).

Alternatively, Ms. Marrie has also presented no evidence to show that Ms. Jackson was "substantially younger" than she. *See Kragor*, 702 F.3d at 1308. The Eleventh Circuit has repeatedly held that an age difference between a fired employee and her replacement, standing alone, fails to satisfy the "substantially younger" alternative third element of an ADEA *prima facie* case because the mere replacement of one employee with a younger employee creates no necessary inference of discrimination. *Goldstein*, 758 F.2d at 1443; *Suarez*, 638 F. App'x at 901.

As the Circuit Court recently explained,

> We recognize that we have previously held, *in cases where plaintiffs presented substantial evidence of discriminatory animus beyond mere age difference*, that a smaller age difference was sufficient to meet the "substantially younger" element of the ADEA *prima facie* case. See *Damon v. Fleming Supermarkets of Fla., Inc.*, 196 F.3d 1354, 1360 (11th Cir. 1999) (holding that a 37-year-old was "substantially younger" than a 42-year-old plaintiff); *Carter v. DecisionOne Corp.*, 122 F.3d 997, 1003 (11th Cir. 1997) (holding that a 39-year-old was "substantially younger" than a 42-year-old). But we agree with the district court that, in this case, [the plaintiff]

> failed to create an inference of discrimination because a six-year age difference, without more, does not establish that [the plaintiff's] age was the but-for cause of the School Board's failure to hire him. See *O'Connor v. Consolidated Coin Caterers Corp.*, 517 U.S. 308, 312 (1996) ("The prima facie case requires evidence adequate to create an inference that an employment decision was based on an illegal discriminatory criterion."). See also *Steele v. United States VA*, 2011 U.S. Dist. LEXIS 58200 (M.D. Fla. June 1, 2011) (concluding that a 13-year age difference, without more, is insufficient to meet this standard); *Matthews v. City of Dothan*, 2006 U.S. Dist. LEXIS 91711 (M.D. Fla. Dec. 18, 2006) (ruling that a six-year age difference was insufficient to create an inference of age discrimination, when no other evidence of discriminatory animus was present).

*Suarez*, 638 F. App'x at 901 (emphasis added). As described above, Ms. Marrie has provided no evidence of discriminatory animus, and, in fact, bases her claim entirely on irrelevant remarks and unsubstantiated rumors from non-decisionmakers at Tyson's Albertville plant. For this reason, the court finds that the nine-year age difference between Ms. Marrie and Ms. Jackson, *without more*, does not satisfy the third element of the *prima facie* case.

Furthermore, even if Ms. Marrie could clear the *prima facie* hurdle, her claim would fail because she has presented no evidence that Tyson's reason for firing her was pretextual. Under the *McDonnell Douglas* burden-shifting framework, after the plaintiff presents a *prima facie* case and the employer articulates a legitimate, nondiscriminatory reason for its employment decision, the burden shifts back to the plaintiff to show that the employer's alleged reason was a pretext for unlawful discrimination. *Kragor v. Takeda Pharm. Am., Inc.*, 702 F.3d 1304, 1308 (11th Cir. 2012).

In this case, Tyson has provided completely unrebutted evidence that it fired Ms. Marrie for non-discriminatory reasons. Ms. Marrie understood Tyson's policy that employees "who receive two (2) written warnings with suspension . . . within the last twelve (12) months shall be terminated." *See* Doc. 26-1 at 62 (featuring Ms. Marrie's signature underneath Tyson's written-warning policy). Although Ms. Marrie objects to Tyson's reasons for her written warnings, Ms.

Marrie does not contest the fact that she received written warnings with suspensions on May 29, 2018 (Doc. 26-1 at 145) and then again on September 11, 2018 (Doc. 26-1 at 149.) [3] Tyson fired Ms. Marrie on September 17, 2018 because, as stated on her discharge form, she had "receiv[ed] 2 written warnings with suspension within a 12 month period." (Doc. 26-1 at 177.)

Ms. Marrie disputes Tyson's wisdom in writing her up for failing to perform her job in satisfactory fashion. But under long-standing Eleventh Circuit precedent, an "employer may fire an employee for a good reason, a bad reason, a reason based on erroneous facts, or for no reason at all, as long as its action is not for a discriminatory reason." *Nix v. WLCY Radio/Rahall Commc'ns*, 738 F.2d 1181, 1187 (11th Cir. 1984). And whether Ms. Marrie deserved the write-ups or not, her lack of relevant evidence to demonstrate even a hint of discrimination simply fails to raise a genuine issue of material fact that Tyson fired her for discriminatory reasons under the ADEA. *See Suarez*, 638 F. App'x at 901; *Chapman v. AI Transp.*, 229 F.3d 1012, 1030 (11th Cir. 2000).

Ultimately, because "an ordinary person could [not] reasonably infer discrimination from the facts shown if those facts remain unrebutted," Ms. Marrie has both failed to present a *prima facie* case of age discrimination and failed to meet her burden of showing that Tyson's reason for

---

[3] Ms. Marrie avers in her integratory answers and in her deposition that she did nothing to deserve the write-ups and that her performance deficiencies were minor. *See, e.g.,* Doc. 34-3 at 5; Doc. 26-1 at 17. But Ms. Marrie also admitted that her co-workers frequently complained about her performance. Doc. 26-1 at 37. Tyson also provides affidavits from several of Ms. Marrie's co-workers and supervisors who explain that the behavior that led to Ms. Marrie's write-ups caused multiple problems for Tyson, such as aggravating the mechanics on the plant floor, "skew[ing] our inventory and budget," and "affect[ing] our ability to . . . keep the plant running smoothly." (Docs. 26-2, 26-3, and 26-4.) The final write-up occurred after Ms. Marrie failed to locate a needed part for one of the machines on the processing floor—a mistake that contributed to a four-hour downtime in the plant's productivity.

firing her was pretextual. *See Goldstein*, 758 F.2d at 1443. For this reason, Tyson is entitled to summary judgment as a matter of law.

**Conclusion**

Because Ms. Marrie has failed to present a *prima facie* case of age discrimination under Ala. Code § 25-1-21 and has failed to show that Tyson's reason for firing her was a pretext for discrimination, the court **WILL GRANT** Tyson's motion for summary judgment (Doc. 25) and enter a separate order accompanying this memorandum opinion.

DONE and ORDERED this 5th day of August, 2020.

_____
**KARON OWEN BOWDRE**
UNITED STATES DISTRICT JUDGE